IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DMITRY NARODETSKY <br> 1042 Alpena Road <br> Philadelphia, PA 19115 <br><br> Plaintiff, <br><br> v. <br><br> CARDONE INDUSTRIES, INC. <br> 5501 Whitaker Avenue <br> Philadelphia, PA 19124 <br><br> and <br><br> MICHAEL CARDONE, JR. <br> c/o Cardone Industries, Inc. <br> 5501 Whitaker Avenue <br> Philadelphia, PA 19124 <br><br> and <br><br> WILLIAM BOND <br> c/o Cardone Industries, Inc. <br> 5501 Whitaker Avenue <br> Philadelphia, PA 19124 <br><br> and <br><br> KELLY STIGELMAN <br> c/o Cardone Industries, Inc. <br> 5501 Whitaker Avenue <br> Philadelphia, PA 19124 <br><br> and <br><br> SHANNON SARRACINO <br> c/o Cardone Industries, Inc. <br> 5501 Whitaker Avenue <br> Philadelphia, PA 19124 <br><br> and | CIVIL ACTION <br><br> No. _____ <br><br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| DAN BOSWORTH<br>c/o Cardone Industries, Inc.<br>5501 Whitaker Avenue<br>Philadelphia, PA 19124<br><br>        Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: |

## CIVIL ACTION COMPLAINT

Plaintiff, Dmitry Narodetsky, (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### I. Introduction

1. Plaintiff has initiated this action to redress violations by Cardone Industries, Inc., Michael Cardone, Jr., William Bond, Kelly Stigelman, Shannon Sarracino, Dan Bosworth, and (hereinafter referred to as "Defendants") of the Family and Medical Leave Act "FMLA" (29 U.S.C. § 2601)

### II. Jurisdiction and Venue

2. This action is initiated pursuant to the Family and Medical Leave Act (FMLA). This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under laws of the United States.

2

4.     Venue is properly laid in this District pursuant to 28 U.S.C. sections 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.     Parties

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult with an address as set forth above.

7.     Defendant Cardone Industries, Inc. ("Cardone") is a Pennsylvania corporation headquartered at the address in the caption.

8.     Cardone is a global supplier of automotive products.

9.     At at all times relevant herein, Defendant Michael Cardone, Jr. was the acting president and CEO of Cardone.

10.    Defendant Michael Cardone had the authority to prevent the termination of Plaintiff and had the authority to grant Plaintiff FMLA leave.

11.    At all times relevant herein, Defendant Kelly Stigelman was Defendant's Manager of Health Benefits.

12.    Defendant Stigelman exercised control over Plaintiff's request to take a protected medical leave.

13.    At all times relevant herein, Defendant William Bond was the acting director of human resources.

14.    Defendant Bond exercised control over Plaintiff's request to take a protected medical leave.

15. At all times relevant herein, Defendant Shannon Sarracino was Defendant's Human Resource Representative, and she exercised control over Plaintiff's termination and his taking of FMLA leave.

16. At all times relevant herein, Defendant Dan Bosworth was Defendant's Plant Manager, and he exercised control over Plaintiff's termination and his taking of FMLA leave.

17. At all times relevant herein, Cardone acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Cardone.

## IV. Factual Background

18. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

19. Plaintiff worked for Cardone for approximately twelve years.

20. Plaintiff was most recently employed as a "tool designer" for Cardone.

21. Plaintiff was terminated from Cardone on September 9, 2009.

22. On or about August 19, 2009, Plaintiff was diagnosed with a leg injury and was informed he would require surgery on his knee.

23. On or about August 24, 2009, Plaintiff's wife contacted Defendant Kelly Stigelman, Cardone's manager of Health Benefits, and informed her that Plaintiff would need time off for the anticipated operation.

24. Specifically, Plaintiff's wife requested that Plaintiff be given "short-term disability" for his upcoming medical leave.

25. On or about August 25, 2009, Defendants conducted a forensic computer search of Plaintiff's computer.

26. Upon information and belief, this forensic search was conducted to determine if Defendants could find any reason to justify the termination of Plaintiff.

27. Defendants intended to terminate Plaintiff because of his need to request FMLA leave.

28. On or about August 31, 2009, Plaintiff informed his supervisor, Luis Martinez, that he would need to take ten days off following his surgery.

29. Plaintiff contacted Martinez so he could arrange a time for the surgery that would be as convenient as possible for Defendants.

30. Plaintiff further contacted Martinez because he was unaware whether he would be afforded any protections or benefits because of his need to take leave.

31. Defendants never provided any individualized written notice concerning Plaintiff's rights and responsibilities under the FMLA.

32. On or about September 9, 2009, Plaintiff had a scheduled appointment with his medical doctor relating to the anticipated surgery.

33. On the same day, but prior to the appointment, Plaintiff was called into a meeting (hereinafter "September 9 meeting").

34. Defendants Dan Bosworth, Shannon Sarracino, and William Bond were present at the September 9 meeting.

35. Defendants showed an email which Plaintiff allegedly forwarded to another employee more than one year prior, in July of 2008.

36. Prior to September 9, 2009, Plaintiff had received no written discipline from Defendants.

37. Defendants fired Plaintiff at the September 9 meeting, allegedly because he sent the aforementioned email.

38. Upon information and belief, Defendants did not fire each and every other employee who forwarded the aforementioned email.

39. Defendants fired Plaintiff to prevent him from taking FMLA leave and in retaliation for requesting FMLA leave and for requesting benefits under an ERISA protected plan.

**First Cause of Action**
**Family and Medical Leave Act**
**(Interference & Retaliation Violations)**
**(Against All Defendants)**

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was clearly an eligible employee under the definitional terms of the Family and Medical Leave Act, 29 U.S.C. § 2611(2)(a)(i)(ii).

42. Plaintiff requested leave from Cardone, his employer, with whom he had been employed for at least twelve (12) months pursuant to the requirements of 29 U.S.C.A. § 2611(2)(i).

43. Further, Plaintiff had at least 1,250 hours of service with Cardone during the prior twelve (12) months.

44. Cardone is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A. § 2611(4)(A)(i).

45. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1) for a total of twelve (12) work weeks of leave.

46. Defendants violated the FMLA by failing to provide Plaintiff with an individualized notification of his FMLA rights and obligations when he placed Defendants on notice of his need to take a qualifying leave.

47. Defendants further failed to engage in a good-faith interactive process with Plaintiff about his need(s) for leave.

48. Defendants further fired Plaintiff less than two weeks after Plaintiff informed his supervisors that he would need medical leave for a FMLA-qualifying reason.

49. Defendants interfered with Plaintiff's FMLA rights by preventing and restraining Plaintiff from taking a FMLA-qualifying leave.

50. Defendants' actions as aforesaid constitute interference violations of the FMLA.

51. Defendants also retaliated against Plaintiff by terminating him less than two weeks after he provided notice to Defendants of his need to take FMLA leave.

### Second Cause of Action
### Violations of ERISA/COBRA
### (Against Cardone)

52. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

53. Plaintiff was a participant as that term is defined under ERISA.

54. At all times relevant herein, Defendant's employee benefits constituted ERISA-covered employment plans and/or welfare plans.

55. Upon information and belief, Defendant misrepresented the reason(s) for Plaintiff's separation to its COBRA administrator.

56. Upon information and belief, Defendant informed its third party administrator that Plaintiff voluntary left his employment.

57. As a result of the third party administrator reporting that Plaintiff left voluntarily, Plaintiff was denied benefits pursuant to the American Recovery and Reinvestment Act of 2009, which otherwise would have provided 65% of Plaintiff's premium payments.

58. Defendant's actions as aforesaid therefore constitute violations of ERISA and COBRA.

**Third Cause of Action**
**<u>Violations of ERISA</u>**
**(Retaliation)**
**(Against all Defendants)**

59. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

60. Defendants improperly and impermissibly interfered with Plaintiff's group health plan by cancelling benefits, and by terminating Plaintiff to avoid its obligations under the ERISA-governed plan.

61. Cardone's short-term disability insurance plan is governed by ERISA.

62. Defendants terminated Plaintiff for requesting benefits pursuant to Cardone's short-term disability plan.

63. Defendants' aforementioned conduct violated ERISA.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendants are to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating against employees based on their use of the FMLA, and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

      C.     Plaintiff is to be awarded liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct, and to deter Defendants or other employers from engaging in such misconduct in the future;

      D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

      E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

      F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law;

      G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

                                                Respectfully submitted,

                                                **KARPF, KARPF & VIRANT, P.C.**

                      By:     _____
                                                Justin L. Swidler, Esq.
                                                3070 Bristol Pike
                                                Building 2, Suite 231
                                                Bensalem, PA 19020
                                                (215) 639-0801

Dated: October 15, 2009

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Dmitry Narodetsky : CIVIL ACTION

v.

Cardone Industries, Inc., et al. : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (XX)

10/15/2009          Justin Swidler          Plaintiff
Date                Attorney-at-law         Attorney for

(215) 639-0801      (215) 639-4970          jswidler@karpf-law.com
Telephone           FAX Number              E-Mail Address

(Civ. 660) 10/02

APPENDIX F

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 1042 Alpena Road, Philadelphia PA 19115

Address of Defendant: 5501 Whitaker Avenue, Philadelphia PA 19124

Place of Accident, Incident or Transaction: Defendants place of business.
(Use Reverse Side for Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☒

Does this case involve multidistrict litigation possibilities? Yes☐ No☒

RELATED CASE, IF ANY:

Case Number: _____ Judge _____ Date Terminated _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
   (Please specify)

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
(Check appropriate Category)

I, Justin Swidler, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 10/15/2009    _____ Attorney-at-Law    205954 / JS6360    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/15/2009    _____    JS6360 / 205954

✎JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
NARODETSKY, DMITRY

**(b)** County of Residence of First Listed Plaintiff: Philadelphia

**(c)** Attorney's (Firm Name, Address, Telephone Number and Email Address)
Karpf, Karpf, Virant & Swartz, 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, jswidler@karpf-law.com

## DEFENDANTS
CARDONE INDUSTRIES, INC., et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Family and Medical Leave Act (29 U.S.C. 2601)
Brief description of cause:
Violations of the Family and Medical Leave Act.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE _____ DOCKET NUMBER _____

Explanation:

DATE 10/15/2009

SIGNATURE OF ATTORNEY OF RECORD