IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DMITRY NARODETSKY | : | CIVIL ACTION |
| v. | : | |
| CARDONE INDUSTRIES, INC., ET AL. | : | NO. 09-4734 |

O'NEILL, J.                                                                                                  February 24, 2010

MEMORANDUM

Plaintiff Dmitry Narodetsky filed a three-count complaint against corporate defendant Cardone Industries, Inc. and five individual defendants–Michael Cardone, Jr., William Bond, Kelly Stigelman, Shannon Sarracino and Dan Bosworth–alleging violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., the Consolidated Omnibus Budget Reconciliation Act, Pub. L. 99-272, Apr. 7, 1986, 100 Stat. 82, and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. The action arises out of plaintiff's termination of employment with Cardone Industries and alleged denial of employee benefits. Cardone Industries filed an answer. The individual defendants[1] move to dismiss plaintiff's FMLA and ERISA claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6). Before me now are defendants' motion to dismiss, plaintiff's response and defendants' reply.

BACKGROUND

Plaintiff was employed by defendant Cardone Industries, a global supplier of automotive parts, as a tool designer for approximately twelve years before he was terminated. A few weeks before his termination, on or about August 19, 2009, plaintiff was diagnosed with a leg injury

---

[1] For simplicity, I will refer to the five individual defendants who are moving to dismiss as the defendants and to the corporate defendant as Cardone Industries.

and was informed he would need surgery. Plaintiff's wife contacted defendant Kelly Stigelman, Cardone Industries' manager of health benefits, on or about August 24, 2009 and informed her that plaintiff would need time off for the anticipated operation. During this conversation, plaintiff's wife requested that plaintiff be given short-term disability for the upcoming medical leave. On or about the next day, defendants conducted a forensic computer search of plaintiff's computer. Plaintiff alleges that defendants performed the search to find a reason that would justify his termination and thereby obviate the need to grant the requested leave. Thereafter, on or about August 31, 2009, plaintiff informed his supervisor, Luis Martinez, that he would need to take ten days off from work following the surgery. Plaintiff and Martinez also discussed which date he should schedule the surgery so as not to inconvenience the defendants.

On or about September 9, 2009, plaintiff had a scheduled appointment with his doctor related to the upcoming surgery. Prior to this appointment, plaintiff was called into a meeting at which defendants Dan Bosworth, Shannon Sarracino and William Bond were present. They showed plaintiff an email which they alleged he had forwarded to another employee in July 2008. At the meeting, he was terminated for allegedly sending this email.

Plaintiff filed this action on October 15, 2009. His first cause of action alleges that both Cardone Industries and the individual defendants violated FMLA by interfering with his FMLA rights and retaliating against him after he provided notice to them about his need to take FMLA leave. His second cause of action alleges that Cardone Industries violated ERISA and COBRA. His third cause of action alleges that Cardone Industries and the individual defendants violated ERISA by (1) cancelling his benefits under the group health plan, (2) terminating him "to avoid its obligations under the ERISA-governed plan," Comp. ¶ 60, and (3) terminating him for

requesting short-term disability benefits.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id., citations omitted. The complaint must state "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Iqbal, 129 S. Ct. at 1949. To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The Court of Appeals also set forth a two part-analysis for reviewing motions to dismiss in civil actions in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may

disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at *5, quoting Iqbal, 129 S. Ct. at 1950. The Court of Appeal explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

## DISCUSSION

The essence of defendants' argument is that plaintiff has failed to plead sufficient facts to establish that the individual defendants are "employers" as that term is defined under the FMLA and ERISA.

**1.     FMLA**

The Family and Medical Leave Act makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1). The FMLA defines "employer" in relevant part as "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). The Court of Appeals has not addressed whether individuals may be held liable under the FMLA. However, the FMLA implementing regulations explain that

> [t]he definition of 'employer' in . . . the Fair Labor Standards Act . . . . similarly includes any person acting directly or indirectly in the interest of an employer in relation to an employee. As under the

4

> FLSA, individuals such as corporate officers 'acting in the interest of an employer' are individually liable for any violations of the requirements of FMLA.

29 C.F.R. § 825.104(d). While the regulation does not bind this Court, "courts owe deference to an agency's interpretation of the statute and regulations it administers." NVE, Inc. v. Dept. of Health and Human Servs., 436 F.3d 182, 186 (3d Cir. 2006) (citing Chevron U.S.A., Inc. v. NRDC, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984)). Furthermore, courts in this Circuit have found individuals may be held liable under FMLA. See Kilvitis v. County of Luzerne, 52 F. Supp. 2d 403, 412 (M.D. Pa. 1999) (collecting cases finding individual liability under FMLA); Norris v. North American Pub. Co., Civ. A. No. 96-8662, 1997 WL 102520, at *1 (E.D. Pa. Feb. 27, 1997).

This Court has looked to cases interpreting "employer" under the FLSA to define the scope of FMLA individual employer liability. Thus, "a person who has the authority to hire and fire may be considered an employer." McKiernan v. Smith-Edwards-Dunlap Co., 1995 WL 311393, at *3 (E.D. Pa. May 17, 1995) (citations omitted) (denying the individual defendant's motion for summary judgment when he signed the plaintiff's termination letter and stating "whether he is an employer under FMLA must await further development of the facts."). "Other courts in this Circuit have followed the majority rule allowing individually [sic] liability under the FLSA where a supervisor has sufficient control over the conditions and terms of the plaintiff's employment." Kilvitis, 52 F. Supp. 2d at 413-414 (citing Dole v. Haulaway, Inc., 723 F. Supp. 274, 286 (D.N.J. 1989) ("A corporate officer with operational control is an 'employer,' along with the corporation, jointly and severally liable under the [FLSA] for unpaid wages."); Avalos v. La Conca D'Oro, Inc., No. 87-4980, 1987 WL 19894, at *3 (E.D. Pa. Nov. 16, 1987)

(noting that FLSA precedents allow for individual liability where a supervisor had "sufficient control of the terms and conditions of employment")). In Hayduk v. City of Johnstown, 580 F. Supp. 2d 429, 476 (W.D. Pa. 2008), the District Court denied a city manager's motion for summary judgment. It held that he was subject to suit in his individual capacity under FMLA. The Court found that he, "as city manager with the sole power to hire and fire, was employed by the City to act in its interest; that he acted directly on [the] [p]laintiff when he fired him[;]" and that he had given reasons for the plaintiff's termination which demonstrated that he purported to have been acting in the City's interest when he did so. Id.

Plaintiff alleges that Cardone Industries "acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment and for the benefit of Cardone." Compl. ¶ 17. He further alleges that "[d]efendants fired [him] to prevent him from taking FMLA leave and in retaliation for requesting FMLA leave and for requesting benefits under an ERISA protected plan." Compl. ¶ 39. These "conclusory" allegations are insufficient by themselves to state a claim against the individual defendants. Fowler, 578 F.3d at 210 (3d Cir. 2009).

However, plaintiff also alleges that defendants participated in the forensic search of his computer with the goal of finding a reason to justify his termination because he had requested FMLA leave. Compl. ¶ 25-27.² Plaintiff alleges that Bond, "the acting director of human

---

² Defendants argue that plaintiff's allegations with respect to the computer search are insufficient because they "are simply asserted against some unidentified subset of the defendants named in the complaint." Def.'s Reply at 3. Essentially defendants argue that because plaintiff did not name each individual defendant, I may not infer that each individual was personally involved in the computer search. Clearly, on a motion to dismiss it would be improper not to draw all reasonable inferences in favor of plaintiff. I find that it is reasonable to infer that all defendants played some part or role in the computer search.

resources," Compl. ¶ 13, Sarracino, the "Human Resources Representative," Compl. ¶ 15, and Bosworth, the "Plant Manager," Compl. ¶ 16, were each present at the meeting to which he was called on September 9, 2009. Compl. ¶ 33. He alleges that at that the meeting "defendants showed [him] an email" and "[d]efendants fired [him] at the September 9 meeting, allegedly because he sent the aforementioned email." Compl. ¶¶ 35 and 37. With respect to Cardone, plaintiff alleges that he "was the acting president and CEO of Cardone [Industries]" and "had the authority to prevent the termination of Plaintiff and had the authority to grant Plaintiff FMLA leave." Compl. ¶ 9-10. Finally, plaintiff alleges that Stigelman "was Defendant's Manager of Health Benefits" and "exercised control over Plaintiff's request to take a protected medical leave." Compl. ¶ 11-12. She was informed by plaintiff's wife that he would be needing time off for his anticipated operation. Compl. ¶ 23. Plaintiff's wife requested that he be given short-term disability for this upcoming medical leave. Compl. ¶ 24.

Defendant argues that plaintiff's complaint with respect to the individual defendants rests predominantly on "labels and conclusions" in violation of the pleadings requirements set forth in Twombly and Iqbal. I find that plaintiff's allegations are sufficient to state a claim for individual liability against defendants. The facts plaintiff has alleged–which I accept as true and from which I make all reasonable inferences–support a finding that each of the individuals is a "person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii)(I). Specifically, the allegations support an inference that each of the defendants exercised control over plaintiff in the decision to terminate him. As the president, Cardone is a corporate officer with operational control over Cardone Industries' and is therefore an employer along with the corporation. It is reasonable to infer that Bond, Sarracino

7

and Bosworth had authority to fire employees because it is alleged that they terminated plaintiff at the September 9 meeting. Furthermore, I find it is reasonable to infer that Stigelman also had the authority to terminate employees because it is alleged that she is a manager and fired plaintiff.

Defendant argues that only individuals who "exercise control" over plaintiff's FMLA leave can be individually liable and cites <u>Devine v. Prudential Ins. Co. of America</u>, Civ. A. No. 03-3971, 2007 WL 1875530 (D.N.J. June 28, 2007). In <u>Devine</u> the plaintiff testified that the individual, Mr. Horsley, was never her supervisor while she was employed with Prudential. The plaintiff had no evidence or proof to refute Mr. Horsley's statement that "it is undisputed that [he] was merely a co-employee of plaintiff," he was not the plaintiff's manager, nor did he exercise "control over [Plaintiff's] FMLA leave." Here, plaintiff does not allege that the individual defendants are mere co-employees, rather they are alleged to be the president and CEO, a human resources manager, director and representative and the plant manager. Thus, this case is clearly distinguishable from <u>Devine</u>. Similarly, I do not find any of the other cases that defendants cite in accordance with the case law in this Circuit. Def.'s Br. at 8 (citing <u>Stuart v. Regis Corp.</u>, No. 05-0016, 2006 WL 1889970, at *6 (D. Utah July 10, 2006) (interpreting statute to limit liability only to corporate officers); <u>Womack v. RCM Tech. (USA), Inc.)</u>, No. 07-2111, 2008 WL 5382318, at **9-10 (D. Minn. Dec. 23, 2008) (same); <u>Williamson v. Deluxe Fin. Servs., Inc.</u>, No. 03-2538, 2005 WL 1593603, at *9 (D. Kan. Jul. 6, 2005) (same)).

**II.     ERISA**

Defendants also seek to dismiss plaintiff's ERISA claims for failure to allege facts sufficient to state a claim against them for individual liability. Plaintiff's claim falls under Section 510 of ERISA which provides in relevant part "[i]t shall be unlawful for any person to

8

discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan." 29 U.S.C. § 1140. "Section 510 was enacted by Congress primarily to prevent employers from discharging or harassing their employees in order to keep them from obtaining ERISA protected benefits." Battoni v. IBEW Local Union No. 102 Employee Pension Plan, 569 F. Supp. 2d 480, 494 (D.N.J. 2008) (citing Kowalski v. L & F Prods., 82 F.3d 1283, 1287 (3d Cir. 1996)). "To establish a prima facie case under ERISA § 510, an employee must demonstrate (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." Gavalik v. Continental Can Co., 812 F.2d 834, 851 (3d Cir. 1987). In Richardson v. CSS Industries, Inc., Civ. A. No. 08-3900, 2009 WL 1383310, at *2 (E.D. Pa. May 13, 2009), this Court held that the plaintiff had successfully stated a claim for wrongful termination under § 510 when he alleged that his employer had terminated him for the purpose of terminating his medical benefits and was motivated to do so because he was an open-heart surgery patient who would cost the company money.

Defendants argue that plaintiff's complaint fails for two reasons. First, defendants assert plaintiff has not alleged that they were the decisionmakers involved in plaintiff's employment termination or that they had the authority or ability to make such a determination. However, as discussed above, plaintiff has alleged that Bond, Sarracino and Bosworth terminated plaintiff at the September 9 meeting after conducting a forensic computer search of his computer. This was done after plaintiff had communicated to Stigelman, through his wife, his intent to take a medical leave. Given the timing of his termination–falling right on the heels of his request for medical leave–I find that it is reasonable to infer that the defendants terminated his employment for the

purpose of interfering with his plan benefits.

Plaintiff requests that his ERISA claim against defendant Michael Cardone, Jr. be dismissed without prejudice. I will grant plaintiff's request. Fed. R. Civ. P. 41(a)(2).

Defendants' motion to dismiss the ERISA claims will be denied. There are sufficient procedures available to defendants to seek summary disposition of plaintiff's claims after both sides have been afforded an opportunity to develop facts.

An appropriate Order follows.